AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

FILED
APR 09 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) Case No. | 21-mj-284-FHM |
| Matthew Steven Janson | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 18, 2016 to May 25, 2016__ in the county of __Tulsa__ in the Northern District of Oklahoma, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) | Receipt and Distribution of Child Pornography |
| 18 U.S.C. §§ 2252A(a)(5) and 2252A(b)(2) | Posession of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Jeremy Noland, TFO HSI, LT TPD
*Printed name and title*

Sworn to before me and signed via telephone.

Date: 4-9-21 1:53 PM

_____
*Judge's signature*

City and state: Tulsa, OK

Hon. ~~Christine D. Little~~, U.S.M.J.
*Printed name and title*
FRANK H. McCarthy

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT
## IN THE NORTHERN DISTRICT OF OKLAHOMA

I, Jeremy Noland, being duly sworn under oath, do hereby depose and state:

### AGENT BACKGROUND AND INTRODUCTION

1. I, Jeremy Noland, am a Lieutenant with the Tulsa Police Department ("TPD") and a Task Force Officer ("TFO") with Homeland Security Investigations ("HSI"). I have been employed by TPD for 15 years and as a Lieutenant in the Tulsa Police Cyber Crimes Unit ("TPCCU") since 2016. I have been a TFO for Homeland Security Investigations since 2018. I have worked or assisted with approximately 100 online child exploitation investigation. As a result of my employment with TPD and HSI, my duties include, but are not limited to, investigations related to the production, receipt, and distribution of child pornography, and other violent crimes. Additionally, I have received extensive training in child exploitation investigations. As a result of my employment with TPD and HSI, I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request search warrants and make arrests.

2. As part of my duties as a HSI TFO and TPD Lieutenant, I investigate criminal violations relating to Indian Country crimes, to include child pornography, in violation of Title 18, United States Code, Sections 2252 and 2252(A).

3. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers, in particular officers and/or agents of the Tulsa Police Department and Oklahoma State Bureau of Investigations, and their reports; and (c) the training and experience of myself

and other law enforcement agents and officers. The statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

4. It is my belief that an Indian male known as MATTHEW STEVEN JANSON, (DOB \*\*-\*\*-1983), a United States citizen, and member of the Cherokee Nation of Oklahoma (enrollment number C0\*\*\*\*73), has violated 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (receipt and distribution of child pornography) and 18 U.S.C. §§ 2252A(a)(5) and 2252A(b)(2) (possession of child pornography) from on or about April 18, 2016 to on or about May 25, 2016.

5. This affidavit sets forth facts, and suggests reasonable inferences from those facts, establishing probable cause to believe that violations of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (receipt and distribution of child pornography) and 18 U.S.C. §§ 2252A(a)(5) and 2252A(b)(2) (possession of child pornography) were committed by JANSON from on or about April 18, 2016, to on or about May 25, 2016. The violations took place in the vicinity of 5354 West 2nd Street, Tulsa, Oklahoma, which the Northern District of Oklahoma.

## BACKGROUND ON FILE SHARING PROGRAMS, INTERNET, AND IP ADDRESSES

6. I have had both training and experience in the investigation of internet-related crimes against children. Based on my training, experience, and knowledge, I know the following:

2

    a.    File sharing programs are programs designed to allow users to distribute and/or receive digital files over a network. These programs can be used on mobile devices and computers.

    b.    An IP address is a string of numbers separated by periods that identifies each computer using the Internet Protocol to communicate over a network.

    c.    The internet affords individuals several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

## BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

7.    The TPCCU, using a computer located in Tulsa, Oklahoma, conducted an online session involving IP address 68.0.111.211. The TPCCU used a peer-to-peer client that uses the BitTorrent network.

8.    On or about April 18, 2016, a download was successfully completed of 776 files that a device at IP address 68.0.111.211 made available. This device at IP address 68.0.111.211 was the sole candidate for each download, and as such, each file was downloaded directly (and therefore distributed) from this IP address. The suspect device reported using BitTorrent client software – libtorrent/0.14.5.0.

9.    I reviewed the files obtained and believe, based on my training and experience, that multiple files obtained from IP address 68.0.111.211 are child pornography as defined in Title 18, United States Code, Section 2256. The file name and a description of one of the image files downloaded from IP address 68.0.111.211 is as follows:

    File name: uh-Tanya2-0789.jpg

    Description: This is an image that depicts a prepubescent girl naked that is

3

laying on her back on a bed with her legs spread open exposing her vagina. This file constitutes child pornography under federal law.

10. A query for available records located online by an organization known as the American Registry of Internet Numbers ("ARIN"), determined that IP address 68.0.111.211 was assigned to the internet service provider ("ISP") Cox Communications, Inc., at that time. On or about May 10, 2016, Cox Communications, Inc. responded to a subpoena and provided account information for IP address 68.0.111.211, as assigned from on or about April 18, 2016, between 0145 and 0241 CDT. The account information provided by Cox Communications, Inc. is as follows:

Subscriber Name: A.J. [1]

Address 1: 5354 West 2nd Street, Tulsa, OK 74127-6207

Telephone Number: (918) 584-xxxx

User ID: 186026458702

11. On or about May 25, 2016, the TPCCU and Oklahoma State Bureau of Investigations executed a State of Oklahoma – Tulsa County Search Warrant at residence, located at 5354 West 2nd Street, Tulsa, Oklahoma, which is located in the Northern District of Oklahoma. On this date, JANSON lived at the residence and was present at the time that the search warrant was executed. JANSON consented to an interview with law enforcement after being advised that he was not under arrest and was not required to answer any questions

---

[1] A.J. is the mother of Matthew Steven Janson.

posed to him. Thereafter, JANSON entered TPD Detective McCoy's unmarked police vehicle. During his conversation with law enforcement, JANSON admitted to the following:

- JANSON lives at the residence located at 5354 West 2nd Street, Tulsa, Oklahoma and has lived at this residence since he was four years old.

- JANSON has Cox internet at his residence.

- JANSON bought a Gateway desktop computer, which is in his bedroom.

- JANSON bought the Gateway desktop computer in new condition and approximately seven years prior at Best Buy.

- JANSON stated that he is the only one that knows the password to his computer.

- JANSON is the only person to use the computer in the past two to three years.

- JANSON downloads child pornography and he "needs help."

- JANSON has tried to stop downloading child pornography, but he cannot stop.

- JANSON uses "Ccleaner" and other programs to wipe child pornography from his computer.

- JANSON stated when he types in "PTCH" into different torrent browsers he can get child pornography files.

- JANSON stated he enjoys child pornography depicting 8-year-old or 9-year-old white females.

5

- JANSON stated that he enjoys it the most when they "are playing with themselves."
- JANSON uses "Wireshare" to download child pornography.
- JANSON has been downloading and looking at child pornography since 2005 or 2006.
- JANSON has masturbated while watching child pornography in the past.

12. A search of JANSON'S bedroom revealed several electronic devices. During the search, law enforcement located a Gateway desktop computer. Law enforcement later conducted an examination of this device and located over 100 images that are identified as child pornography.

13. On or about March 26, 2021, TPCCU viewed the case files received and downloaded from JANSON. Law enforcement located 70 images that are child pornography, as defined in Title 18, United States Code, Section 2256, from the 228 images that law enforcement reported from the Gateway desktop computer during its October 11, 2016 initial review of the device. Law enforcement also located 368 images that are child pornography, as defined in Title 18, United States Code, Section 2256, that were distributed to the TPCCU computer during the investigation.

## CONCLUSION

14. Based on the information set forth in this affidavit, there is probable cause to believe that MATTHEW STEVEN JANSON knowingly used the internet to receive and distribute child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) and

knowingly possessed child pornography in violation of 18 U.S.C. §§ 2252A(a)(5) and 2252A(b)(2).

Jeremy Noland
Lieutenant, Tulsa Police Department
Task Force Officer Homeland Security Investigations

Subscribed and sworn to before me by telephone on the 9th day of April 2021.

Honorable ~~Christine D. Little~~
United States Magistrate Judge
Northern District of Oklahoma

7